# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>UBIOME, INC.,<br>            Debtor.<br><br>ALFRED T. GIULIANO, Chapter 7 Trustee,<br>            Plaintiff<br>      vs.<br>JESSICA RICHMAN and ZACHARY APTE,<br>           Defendants. | Chapter 7<br><br>Case No. 19-11938-LSS<br><br><br>Adv. Proc. No.: 21-51032 (LSS)<br>**Ref. Adv. D.I. 3, 5 & 7** |

### MOVANTS DR. JESSICA RICHMAN AND DR. ZACHARY APTE'S LIMITED APPEARANCE AND MOTION TO DISMISS TRUSTEE'S <u>FIRST AMENDED COMPLAINT</u>

Dr. Jessica Richman and Dr. Zachary Apte (collectively, "Movants") appear for the limited purpose of moving the Court (this "Motion to Dismiss") pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure (the "Federal Rules"), as incorporated by Rules 7012 and 9032 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to dismiss the Trustee's First Amended Complaint in this adversary proceeding for insufficient service of process. In support of the Motion to Dismiss, Movants respectfully state as follows:

**I.    INTRODUCTION**

Despite knowing that the Movants were not located in the United States and being explicitly told Movants' counsel were not authorized to accept service of this Adversary Proceeding Complaint, the Trustee nevertheless sought to effectuate service by mailing copies of

the Amended Complaint to Movants (at incorrect addresses) and their Counsel. Because each of the methods the Trustee used to attempt service in this adversary proceeding were improper under the Bankruptcy Rules, the Amended Complaint should be dismissed.

Bankruptcy Rule 7004 clearly and explicitly disallows service by mail to parties not dwelling within the United States. When an adversary proceeding defendant may be served by mail, the plaintiff is required to mail the complaint and summons to a defendant's "dwelling house or usual place of abode." Fed. R. Bankr. P. 7004(b)(1). As the Trustee had already acknowledged in his pre-complaint bankruptcy filings, Movants do not currently dwell within the United States. Moreover, the Trustee attempted to serve Movants by mailing a copy of the Amended Complaint and Amended Summons to a non-resident mailbox service that Movants no longer use and to a home Dr. Apte has not lived in since approximately 2014, which, of course, would have been insufficient even if Movants were located within the United States. Finally, the Trustee attempted to serve Movants' counsel under Bankruptcy Rule 7004(b)(8), but this too was legally ineffective because counsel for Movants expressly advised the Trustee that they were not authorized to accept service of the Amended Complaint. The Trustee has therefore failed to serve the Movants and the Amended Complaint must be dismissed.

## II. BACKGROUND

Dr. Jessica Richman and Dr. Zachary Apte were co-founders, directors and executives of uBiome, Inc. (the "Debtor"). Dr. Richman served as Debtor's Chief Executive Officer. Dr. Apte served as Debtor's Chief Technology Officer and later as its co-Chief Executive Officer. Movants were removed as Debtor's executives on April 28, 2019 and as directors on June 19, 2019. After leaving uBiome, Dr. Richman and Dr. Apte married and in July 2020 traveled to Germany, where they have been located since that time. *See S.E.C. v. Richman, et al.*, 3:21-CV-01911-CRB, Dkt. 13 (N.D. Cal. June 24, 2021).

On September 4, 2019, Debtor filed its voluntary chapter 11 petition for relief. [D.I. 1.][1] The chapter 11 case was converted to one under chapter 7 on October 11, 2019. [D.I. 162.] Alfred T. Giuliano was appointed to serve as the chapter 7 trustee (the "Trustee"). [D.I. 163.] On August 4, 2021, Movants filed a joint motion in the chapter 7 case for the limited purpose of obtaining an order modifying the automatic stay, to the extent it applied, to allow insurers to indemnify Movants under certain insurance policies for defense costs associated with actions brought against them by the Department of Justice and the U.S. Securities and Exchange Commission (the "Stay Relief Motion.") [D.I. 419, 420.] Movants have not otherwise appeared or participated in the uBiome bankruptcy case.

In an initial objection to Movants' Stay Relief Motion, the Trustee expressly acknowledged: "[a]lthough the current status of the Movants is not known to the Trustee, in the criminal indictment the Movants were noted as 'fugitives.'" [D.I. 426 (citing *United States v. Apte, et al.*, Case No. 3:21-CR-00116-CRB, Dkt. 1 (N.D. Cal. March 18, 2021))].[2] The indictment cited by the Trustee specifically alleged that Drs. Richman and Apte had purchased a residence in Miami, Florida in the fall of 2019. *Id.* Shortly thereafter, the Trustee withdrew his objection to the Stay Relief Motion and the parties entered into a joint stipulation in resolution thereof. [D.I. 433; *see* D.I. 434.]

On September 4, 2021, the Trustee filed an Amended Complaint in this adversary proceeding, alleging that Movants had violated their fiduciary duties to the Debtor. [Adv. D.I. 3.] The Court issued an Amended Summons and Notice of Pretrial Conference on September 9, 2021.

---

[1] References to "D.I." shall refer to the Debtor's main bankruptcy case and references to "Adv. D.I." shall refer to the above-captioned adversary proceeding.

[2] The Defendant Information Relative to a Criminal Action Forms attached to the indictment that characterize Movants as "fugitives" are attached hereto as **Exhibit A**. Movants disagree with that characterization for many reasons.

3

[Adv. D.I. 5.] In the Certificate of Service submitted with the Amended Summons, the Trustee's counsel "certif[ied] that the service of this summons and a copy of the complaint were made September 9, 2021" to Movants via "Mail Service: Regular, first class United States mail, postage full pre-paid," to addresses in Seattle, Washington and Berkeley, California. *Id.* On September 10, 2021, the Trustee filed a "Supplemental Certificate of Service" stating that it had served the Amended Complaint and Amended Summons on Movants' counsel. [*See* Adv. D.I. 7.] The Supplemental Certificate of Service did not claim that the Amended Complaint or Amended Summons had been served on Movants. *Id.*

### III.    LEGAL STANDARD

"Service of a summons must occur before a federal court may exercise personal jurisdiction over a defendant." *In re Wash. Mut., Inc.*, 575 B.R. 609, 613 (Bankr. D. Del. 2017). "Both the complaint and the summons and notice must be served together within 90 days of the filing of the complaint." *Id.* "Effective service of process, made in compliance with [Bankruptcy] Rule 7004 and Civil Rule 4, is a prerequisite to the bankruptcy court exercising personal jurisdiction over a litigant." *In re MERV Props., LLC*, No. 11-52814, 2015 WL 2097811, at *1 (Bankr. E.D. Ky. May 4, 2015); *In re Lusk*, No. 10-CV-13771, 2016 WL 918928, *1 (D. Kan. March 8, 2016) ("Proper service of process is fundamental to invoking the bankruptcy court's personal jurisdiction over a defendant in an adversary proceeding."); *see also In re Cantrell*, No. 17-62952, 2019 WL 2323772, at *4 (Bankr. N.D. Ga. May 29, 2019) ("Where service of process is insufficient, the court has no power to render judgment."); *In re Pepin*, 619 B.R. 266, 270 (Bankr. D.N.M. 2020) ("[A]bsent effective service of process, a court lacks personal jurisdiction over the defendant and lacks the power to enter judgment.") (cleaned up). Under Federal Rule 12(b)(5), which applies in adversary proceedings pursuant to Bankruptcy Rules 7012 and 9032, a complaint must be

dismissed when there is "insufficient service of process."  Fed. R. Civ. P. 12(b)(5); Fed. R. Bankr. P. 7012 & 9032.

Bankruptcy Rule 7004 and Federal Rule 4 govern service of process for adversary proceedings.  *See* Fed. R. Bankr. P. 7004(a)(1) (expressly incorporating Federal Rule 4).  Bankruptcy Rule 7004(b)(1) provides that "service may be made *within the United States* by first class mail postage prepaid . . . by mailing a copy of the summons and complaint to the individual's dwelling house or usual place of abode or to the place where the individual regularly conducts a business or profession."  Fed. R. Bankr. P. 7004(b)(1).  "When service must occur in a foreign nation, Fed. R. Civ. P. 4(f), incorporated by [Bankruptcy] Rule 7004(a), governs.  International treaties and conventions, such as the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents, must be followed; service by mail is not allowed."  *In re Teknek*, 512 F.3d 342, 345-46 (7th Cir. 2007).  Even in cases where service by mail is permissible, parties "must comply strictly with [Bankruptcy] Rule 7004(b)(1), which requires that service by mail be made using the correct address for the party defendant."  *In re Barry*, 330 B.R. 28, 33 (Bankr. D. Mass. 2005) (citation omitted)); *In re HRN Grp., LLC*, No. 18-63282-WLH, 2020 WL 426048, at *2 (Bankr. N.D. Ga. Jan. 27, 2020) ("A party must strictly comply with Bankruptcy Rule 7004 in effectuating service of process.").  Thus, Bankruptcy Rule 7004 does not allow a prospective defendant dwelling abroad to be served by U.S. mail and when the post can be used, the complaint and summons must be mailed to the proper address.

"In a challenge to service of process, 'the party asserting the validity of service bears the burden of proof on that issue.'"  *Alsco, Inc. v. Premier Outsourcing Plus, LLC*, No. CV 19-1631-CFC, 2020 WL 4001060, at *2 (D. Del. July 15, 2020), *adopted,* No. 19-CV-1631-CFC, 2020 WL 4501920 (D. Del. Aug. 5, 2020) (quoting *Tani v. FPL/Next Era Energy*, 811 F. Supp. 2d 1004,

1025 (D. Del. 2011)); *see also In re Villar*, 317 B.R. 88, 94 (B.A.P. 9th Cir. 2004) ("The litigant attempting to effect service is responsible for proper service and bears the burden of proof."). If an adversary proceeding plaintiff fails to effect service properly in accordance with the Bankruptcy Rules, the complaint must be dismissed.[3]

## IV. ARGUMENT

The Amended Complaint and Amended Summons have not been served on Movants, and the Amended Complaint therefore should be dismissed under Federal Rule 12(b)(5). The Trustee attempted to use the mailing procedures outlined in Bankruptcy Rule 7004(b)(1), but these provisions are unavailable to the Trustee in this case, including because Movants do not currently dwell in the United States. Further, even if mail service were permissible in this case, the Trustee sent copies of the Amended Complaint to addresses where Movants have not ever resided or have not resided for many years. Finally, the Trustee cannot rely on Bankruptcy Rule 7004(b)(8) to effectuate service on counsel for Movants, as none of Movants' counsel has received explicit or implied authorization to accept service of process on behalf of Movants.

### A. The Trustee Cannot Serve Movants Under Bankruptcy Rule 7004(b)(1) Because Movants Are Not "Within the United States."

Bankruptcy Rule 7004(b)(1) sets forth procedures for serving an adversary complaint. Here, the Trustee attempted to serve Movants by first-class mail pursuant to Bankruptcy Rule 7004(b)(1), but the rule only permits a serving party to mail a summons and complaint to a

---

[3] Alternatively, upon finding that a serving party has not properly served a pleading, this Court may also quash service and permit the serving party to try to make proper service on a party. *See Umbenhauer v. Woog*, 969 F.2d 25, 30–31 (3d Cir. 1992) ("Upon determining that process has not been properly served on a defendant, district courts possess broad discretion to either dismiss the plaintiff's complaint for failure to effect service or to simply quash service of process. However, dismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained. In such instances, the district court should, at most, quash service, leaving the plaintiffs free to effect proper service.").

receiving party located "within the United States." *See* Fed. R. Bankr. P. 7004(b)(1) ("[S]ervice may be made *within the United States* by first class mail postage prepaid . . . by mailing a copy of the summons and complaint to the individual's dwelling house or usual place of abode. . . .") (emphasis added). As the Trustee is aware, however, Movants do not currently have their place of abode within the United States; the Trustee therefore cannot rely on Bankruptcy Rule 7004(b)(1). *See, e.g.*, *In re Sheehan*, 625 B.R. 72, 75 (Bankr. N.D. Ill. 2021) ("[W]hile Fed. R. Bankr. P. 7004(b) allows nationwide service, this does not allow service by mail of persons in a foreign nation."). Instead, the Trustee must serve Movants through one of the approved, applicable methods of international service provided for by the applicable rules. *See* Fed. R. Bank. P. 7004(a)(1) (incorporating the subsections of Federal Rule 4 that governs international service). Because the Trustee has failed to properly serve Movants as required by Bankruptcy Rule 7004, the Amended Complaint should be dismissed. *See, e.g.*, *See Umbenhauer*, 969 F.2d at 30–31; *In re Wash. Mut., Inc.*, 575 B.R. 609, 613 (Bankr. D. Del. 2017) ("Failure to [properly serve a defendant] requires a court to either dismiss the complaint without prejudice against the defendant or to order service to be effectuated within a certain time.").

   **B.** **The Trustee's Attempted Service Under Bankruptcy Rule 7004(b)(1) Was Improper Regardless Because the Amended Complaint and Amended Summons Were Not Mailed to Statutorily Permissible Addresses.**

Even if the Court were to allow the Trustee to serve Movants under Bankruptcy Rule 7004(b) the Trustee's attempted service under Bankruptcy Rule 7004(b)(1) still fails because Movants did not, and do not, reside at the addresses to which the Trustee attempted to mail service. Under Bankruptcy Rule 7004(b)(1), "service must be made upon the defendant's 'dwelling house or usual place of abode,' as determined at the time of service." *Barry*, 330 B.R. at 33. Bankruptcy Rule 7004(b)(1) does not, however, permit service on alternative post office addresses, like post

office boxes.  *See* Norton Bankr. L. & Prac. 3d § 162:4, <u>Methods of Serving Process—Service by First Class Mail</u> ("[Bankruptcy] Rule 7004(b)(1) does not include a mailing to a post office box.").

The Trustee mailed a copy of the summons and original complaint on both Dr. Richman and Dr. Apte via first class mail to: 113 Cherry Street #64164, Seattle, WA 98104.  [Adv. D.I. 2.] But service at this address is not authorized under Bankruptcy Rule 7004(b)(1) because it is the location of a private mail service, and Bankruptcy Rule 7004(b)(1) does not permit service by mail to such addresses.  *See* Earth Class Mail, www.earthclassmail.com/addresses/wa (last accessed October 6, 2021); *In re Tyler*, 493 B.R. 905, 910–11 (Bankr. N.D. Ga. 2013) ("Federal Rule of Bankruptcy Procedure 7004(b)(1) provides that an individual may be served by first class U.S. mail at the individual's residence or regular place of business. This rule does not authorize service to a post office box, however.").  Moreover, while Movants formerly used this mail service to receive correspondence, they have since abandoned it.  Regardless, the salient point is that it was not Movants' "dwelling house or usual place of abode, as determined at the time of service," precluding its use for mail service under Bankruptcy Rule 7004(b).  *See Barry*, 330 B.R. at 33; *see also In re Ultrasonics, Inc.,* 269 B.R. 856, 861-63 (Bankr. D. Idaho 2001) (emphasizing the need to serve at an individual's regular place of abode).

The Trustee also attempted to serve Dr. Apte by mailing a copy of the Amended Complaint and Amended Summons to 1628 Walnut Street, Berkeley, CA 94709.  Dr. Apte does not own that residence, and he has not lived at that location since approximately 2014.[4]  [Adv. D.I. 5.]  As courts have previously concluded in circumstances similar to those present here, "[m]ailing to a respondent's 'last known address' is not sufficient to effect service under this rule if the respondent

---

[4]  The copy of the Amended Complaint and Summons sent to the Berkeley location was not addressed to Dr. Richman and thus cannot constitute service upon her.

is not living at that address at the time service is attempted." *Barry*, 330 B.R. at 33; *see also DuVoisin v. Arrington (In re S. Indus. Banking Corp.)*, 205 B.R. 525, 533 (E.D. Tenn. 1996), *aff'd*, 112 F.3d 248 (6th Cir. 1997) (Bankruptcy Rule 7004(b)(1)'s reference to a defendant's "dwelling house or usual place of abode" does not include his or her last known address); *In re Cantrell*, No. 17-62952-JWC, 2019 WL 2323772, at *4 (Bankr. N.D. Ga. May 29, 2019) (same).

Thus, if the Trustee's attempted service on Movants by mail had been permissible—which it was not—that service was still deficient because Movants did not reside at the addresses where the Trustee mailed a copy of the Amended Complaint and Amended Summons, and, accordingly, the Amended Complaint should be dismissed. *See Umbenhauer*, 969 F.2d at 30–31.

**C.   The Trustee Was Not Authorized To Serve Movants' Counsel Pursuant To Bankruptcy Rule 7004(b)(8).**

The Trustee's attempt to serve a copy of the Amended Complaint and Amended Summons on Movant's counsel was also deficient. Bankruptcy Rule 7004(b)(8) allows service of an adversary complaint on an "agent" of a defendant provided that the agent is "authorized by appointment or by law to receive service of process." Fed. R. Bankr. P. 7004(b)(8). Service on a party's attorney is not authorized under Bankruptcy Rule 7004(b)(8) absent "an express grant of authority" from that attorney. *Barry*, 330 B.R. at 34.[5]

Movants' counsel never agreed—explicitly or implicitly—to accept service of the Trustee's Amended Complaint. To the contrary, when the Trustee's counsel advised counsel of this proposed adversary proceeding, Movants' counsel expressly advised that they were not

---

[5]   Absent authorization to accept service on behalf of a defendant, "[Bankruptcy Rule 7004] requires that both the debtor and the attorney be served. If either one is not served, then service is insufficient." *In re Vincze*, 230 F.3d 297, 299 (7th Cir. 2000).

9

authorized to accept service of the proposed complaint, which the Trustee's counsel acknowledged.[6] Without clear authorization, the Trustee could not serve Movants through their counsel.

There also is no basis to find implied authority on the part of either Movant's counsel to accept service of the Amended Complaint. Counsel for Movants filed an isolated motion to modify the automatic stay, to the extent it applied, for the purpose of obtaining insurance proceeds to represent Movants in other, unrelated matters. Counsel has not otherwise participated in the underlying chapter 7 proceeding. *See In re Shepherd*, Adv. No. 18-01239, 2018 WL 6132031, at *3 (Bankr. D.N.J. Oct. 29, 2018) ("Merely because Movant's Chapter 7 attorney agreed to represent Movant in her bankruptcy case does not equate to representation in an adversary proceeding."); *In re C.P. Hall Co.*, 513 B.R. 546, 552 (Bankr. N.D. Ill. 2014) (attorneys who represented clients in underlying bankruptcy proceeding and filed a proof of claim but otherwise did not appear or become involved in any way" in the bankruptcy case did not have implied authority to accept service). There is no basis to find that either Movant's counsel had implied authorization to accept service of process in the proposed adversary proceeding.

## V. CONCLUSION

For the foregoing reasons, Jessica Richman and Zachary Apte respectfully request that the Court grant the instant Motion and Dismiss the Trustee's First Amended Complaint and any such other and further relief as the Court deems just and proper.

---

[6] *See* Declaration of Jaclyn C. Marasco, attached hereto as **Exhibit B**; Declaration of L. Katherine Good, attached hereto as **Exhibit C**.

| | |
|---|---|
| Dated: October 11, 2021<br>Wilmington, Delaware | **FAEGRE DRINKER BIDDLE & REATH LLP**<br><br>*/s/ Brett D. Fallon*<br>Brett D. Fallon, Bar No. 2480<br>Jaclyn C. Marasco, Bar No. 6477<br>222 Delaware Avenue, Suite 1410<br>Wilmington, DE 19801<br>Telephone:  +1 302 467 4200<br>Facsimile:  +1 302 467 4201<br>brett.fallon@faegredrinker.com<br>jaclyn.marasco@faegredrinker.com<br><br>-and-<br><br>Joel Hammerman<br>311 S. Wacker Drive, Suite 4300<br>Chicago, IL 60606<br>Telephone: +1 312-356-5060<br>joel.hammerman@faegredrinker.com<br><br>*Attorneys for Jessica Richman*<br><br>**POTTER ANDERSON & CORROON LLP**<br><br>*/s/ L. Katherine Good*<br>L. Katherine Good, Bar No. 5101<br>1313 N. Market Street, 6th Floor<br>Wilmington, DE 19801<br>Telephone:  +302 984 6000<br>Facsimile:  +302 658 1192<br>kgood@potteranderson.com<br><br>-and-<br><br>**COVINGTON & BURLING, LLP**<br>W. Douglas Sprague<br>Salesforce Tower<br>415 Mission Street, Suite 5400<br>San Francisco, CA 94105<br>Telephone:  +1 415 591 6000<br>dsprague@cov.com<br><br>*Attorneys for Zachary Apte* |