**<u>EXHIBIT C</u>**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>UBIOME, INC.,<br>　　　　Debtor. | Chapter 7<br><br>Case No. 19-11938-LSS |
| ALFRED T. GIULIANO, Chapter 7 Trustee,<br>　　　　Plaintiff<br>vs.<br>JESSICA RICHMAN and ZACHARY APTE,<br>　　　　Defendants | Adv. Proc. No.: 21-51032 (LSS) |

## DECLARATION OF L. KATHERINE GOOD IN SUPPORT OF MOVANTS DR. JESSICA RICHMAN AND DR. ZACHARY APTE'S MOTION TO DISMISS TRUSTEE'S FIRST AMENDED COMPLAINT

I, L. Katherine Good, hereby declare under penalty of perjury as follows:

1. I am a partner with the law firm Potter Anderson & Corroon LLP ("Potter Anderson").

2. I submit this declaration (this "Declaration") in support of *Movants Dr. Jessica Richman and Dr. Zachary Apte's Motion to Dismiss Trustee's First Amended Complaint* (the "Motion to Dismiss")[1] filed contemporaneously herewith.

3. Unless otherwise stated, all statements in this Declaration are based upon my personal knowledge. If called to testify, I could and would competently testify to the facts set forth herein.

---

[1] Capitalized terms used but not defined herein shall have the meanings given to them in the Motion to Dismiss.

4. On August 30, 2021, I received a phone call from Colin R. Robinson of Pachulski Stang Ziehl & Jones LLP, who is counsel to Alfred T. Guiliano in his capacity as chapter 7 trustee of uBiome, Inc. (the "Trustee"). During my call with Mr. Robinson, he indicated the Trustee's intent to demand arbitration (the "Arbitration Demand") against Movant Mr. Apte and inquired whether Potter Anderson was authorized to accept service on Mr. Apte's behalf. I advised Mr. Robinson that I did not have authorization at that time to accept such service.

5. On September 1, 2021, I received another phone call from Mr. Robinson, during which Mr. Robinson again asked if Potter Anderson was authorized to accept service on Mr. Apte's behalf. I repeated that Potter Anderson had not received authority from Mr. Apte to accept service on his behalf.

6. On September 4, 2021, the Trustee filed the First Amended Complaint.

7. On September 10, 2021, I spoke with Mr. Robinson about the Arbitration Demand and the First Amended Complaint. During that call, Mr. Robinson again asked if Potter Anderson had authority to accept service and I indicated that Potter Anderson had not received client authority to accept service.

[*Remainder of Page Intentionally Left Blank*]

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: October 11, 2021
      Wilmington, Delaware

*/s/ L. Katherine Good*
L. Katherine Good