## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 7 |
| UBIOME, INC.,[1] <br>                Debtor. | Case No. 19-11938 (LSS) |
| ALFRED T. GIULIANO, Chapter 7 Trustee, <br><br>           Plaintiff, <br><br> vs. <br><br> JESSICA RICHMAN AND ZACHARY APTE, <br><br>           Defendants. | Adv. Proc. No.: 21-51032 (LSS) <br><br> **Re: Adv. Docket No. 8** |

## CHAPTER 7 TRUSTEE'S OBJECTION TO MOVANTS DR. JESSICA RICHMAN AND DR. ZACHARY APTE'S LIMITED APPEARANCE AND MOTION TO DISMISS TRUSTEE'S FIRST AMENDED COMPLAINT

| | |
|---|---|
| Dated: October 25, 2021 | PACHULSKI STANG ZIEHL & JONES LLP <br> Bradford J. Sandler (DE Bar No. 4142) <br> James K. T. Hunter (*pro hac vice*) <br> Colin R. Robinson (DE Bar No. 5524) <br> Peter J. Keane (DE Bar No. 5503) <br> PACHULSKI STANG ZIEHL & JONES LLP <br> 919 N. Market Street, 17th Floor <br> Wilmington, DE 19801 <br> Telephone:  (302) 652-41000 <br> Facsimile:  (302) 652-4400 <br> E-mail:bsandler@pszjlaw.com <br>      jhunter@pszjlaw.com <br>      crobinson@pszjlaw.com <br>      pkeane@pszjlaw.com <br><br> Attorneys for Plaintiff Alfred T. Giuliano, Chapter 7 Trustee |

[1] The Debtor and the last four digits of its taxpayer identification number is: uBiome, Inc. (0019).  The headquarters for the above-captioned Debtor was located at 360 Langton Street, Suite 301, San Francisco, CA 94103.

## TABLE OF CONTENTS

**Pages**

PRELIMINARY STATEMENT ........................................................................................ 1

FACTUAL BACKGROUND ........................................................................................... 2

LEGAL STANDARD ...................................................................................................... 3

A.       Motions to dismiss under Rule 12(b)(5) ................................................... 3

B.       Due Process and Rule 4. ............................................................................ 3

ARGUMENT ................................................................................................................... 5

          A.       The Trustee's service of process on the Defendants' addresses
                 listed in the certificate of service are proper, and, in any event,
                 Defendants have actual notice of the lawsuit. .................................................. 5

          B.       Defendants have not offered any admissible evidence to rebut
                 the prima facie evidence of proper service. ...................................................... 9

          C.       Defendants' counsel can be found to have implied authority
                 to accept service. ............................................................................................. 10

          D.       Dismissal is not the appropriate remedy. ....................................... 13

          E.       In the alternative, the Court should defer consideration of the Motion
                 until briefing is completed on the Trustee's motion for alternative
                 service.  If the Court grants the Motion and dismisses the Amended
                 Complaint, it should make clear that Rule 4(m)'s time limits are not
                 applicable consistent with the language in Rule 4(m) regarding
                 individuals in foreign countries. ................................................................... 15

CONCLUSION .............................................................................................................. 16

# TABLE OF AUTHORITIES

**Pages**

## Cases

*Armco, Inc. v. Penrod-Stauffer Bide. Systems, Inc.*
733 F.2d 1087 (4th Cir. 1984) ............................................................................. 9

*Benny v. Pipes*
799 F.2d 489 (9th Cir. 1986) ............................................................................... 4

*Coley v. Thomas (In re Thomas)*
2013 Bankr. LEXIS 2700, at *10 (Bankr. M. D. Pa. 2013).................................. 8

*Coulter v. U.S. Dep't of Homeland Sec.*
2008 U.S. Dist. LEXIS 73014 (D.N.J. Sept. 24, 2008) ..................................... 14

*Cub Cadet Corp., Inc. v. Rosage (In re Rosage)*
189 B.R. 73 (Bankr. W.D. Pa. 1995) ................................................................. 6

*DeLuca v. AccessIT Grp., Inc.*
695 F. Supp. 2d 54 (S.D.N.Y. 2010)................................................................... 3

*Durbin Paper Stock Co. v. Hossain*
97 F.R.D. 639 (S.D. Fla. 1982) ........................................................................ 12

*Federal Home Loan Mortgage  Corp. v. Mirchandani*
1996 U.S. Dist. LEXIS 13889 (E.D.N.Y. Sept. 18, 1996)................................. 14

*Garcia v. Cantu*
363 B.R. 503 (Bankr. W.D. Tex. 2006)...................................................... 5, 6, 9

*Giuliano v. Haskett (In re MCG Ltd. P'ship)*
545 B.R. 74 (Bankr. D. Del. 2016) ................................................................. 8, 9

*Hechinger Inv. Co. of Del. v. Survivor Techs. (In Re Hechinger Inv. Co. of Del., Inc.)*
287 B.R. 620 (Bankr. D. Del. 2002) ............................................................. 3, 10

*Howard v. Klynveld Peat Marwick Goerdeler*
977 F. Supp. 654 (S.D.N.Y. 1997)..................................................................... 3

*In re Allegheny, Inc.*
86 B.R. 466 (Bankr. W.D. Pa. 1988) ............................................................... 11

*In re Butts*
2007 U.S. Dist. LEXIS 43224, at *13 (E.D. Pa. June 13, 2007) ......................... 9

*In re Honigman*
141 B.R. 76 (Bankr. E.D. Pa. 1992) ................................................................ 12

*In re Ms. Interpret*
222 B.R. 409 (S.D.N.Y. 1998)......................................................................... 11

*In re Reisman*
139 B.R. 797 (S.D.N.Y. 1992).......................................................................... 11

*In re Villar*
    317 B.R. 88 (9th Cir. BAP 2004) ........................................................................ 3

*In the Matter of Brackett*
    243 B.R. 910 (Bankr. N.D. Ga. 2000) ................................................................ 3

*International Controls Corp. v. Vesco*
    593 F.2d 166 (2d Cir. 1979).............................................................................. 14

*Keys v. 701 Mariposa Project, LLC (In re 701 Mariposa Project, LLC)*
    514 B.R. 10 (B.A.P. 9th Cir. 2014)..................................................................... 4

*Lemoge v. United States*
    587 F.3d 1188 (9th Cir. 2009) ......................................................................... 15

*Levin v. Ruby Trading Corp.*
    248 F. Supp. 537 (S.D.N.Y. 1965)..................................................................... 14

*Lienhard v. Lehighton Ambulance Assoc. (In re Lienhard)*
    498 B.R. 443 (Bankr. M.D. Pa. 2013) ................................................................ 5

*Luedke v. Delta Airlines (In re Pan Am Corp.)*
    159 B.R. 385 (S.D.N.Y. 1993)........................................................................... 11

*Manley Motor Sales Co. v. Kennedy*
    419 N.E.2d 947 (Ill. App. Ct. 1981) ................................................................... 4

*Mann v. American Airlines*
    324 F.3d 1088 (9th Cir. 2003) ......................................................................... 15

*Matter of Brackett*
    243 B.R. 910 (Bankr N.D. Ga. 2000) ............................................................... 10

*Mayatextil, S.A. v. Liztex U.S.A., Inc.*
    1994 U.S. Dist. LEXIS 6663 (S.D.N.Y. May 19, 1994) .................................... 14

*Mullane v. Central Hanover Bank & Trust Co.*
    339 U.S. 306, 70 S. Ct. 652, 94 L. Ed. 865 (1950)...................................... 4, 12

*Muralo Co. v. All Defendants Listed on Exibits A Through D to
    Complaint (In re Muralo Co.)*
    295 B.R. 512 (Bankr. N.J. 2003) ...................................................................... 11

*Nikwei v. Ross School of Aviation, Inc.*
    822 F.2d 939 (10th Cir. 1987) ............................................................................ 5

*Overseas Food Trading, Ltd. v. Agro Aceitunera, S.A.*
    2007 U.S. Dist. LEXIS 954, 2007 WL 77337, at *3 (D.N.J.2007) .................... 14

*Paloian v. Grupo Serla S.A. de C.V. (In re GGSI Liquidation, Inc.)*
    389 B.R. 63 (Bankr. N.D. Ill. 2008) ................................................................. 3, 4

*People of New York v. Operation Rescue Nat'l*
    69 F. Supp. 2d 408 (W.D.N.Y. 1999)................................................................. 3

*Renfrow v. Pettigrew (In re Renfrow)*
    2018 Bankr. LEXIS 2736, at *20-22 (Bankr. N.D. Okla. Sept. 11, 2018) ........... 7

*Saffa v. Wallace (In re Wallace)*
316 B.R. 743 (B.A.P. 10th Cir. 2004) ............................................................. 5

*Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd.*
181 F.3d 410 (3d Cir. 1999) ....................................................................... 11

*Stranahan Gear Co., Inc. v. NL Industries, Inc.*
800 F.2d 53 (3d Cir.1986) ........................................................................ 14

*U.S. v. 630 Ardmore Drive*
178 F.Supp.2d 572 (M.D.N.C., 2001) ........................................................ 4

*United States v. Davis*
38 F.R.D. 424 (N.D.N.Y. 1965) ................................................................. 12

*Whale v. United States*
792 F.2d 951 (9th Cir. 1986) .................................................................... 4

## Other Authorities

7A C.J.S. Attorney and Client § 196 (2002) ....................................................... 12

Black's Law Dictionary 484 (2nd pocket edition 2001) ........................................ 8

Hague Convention on the Service Abroad of Judicial ............................... 9, 11, 14, 15

## Rules

Fed. R. Bankr. P. 7004 ................................................................................. 4

Fed. R. Bankr. P. 7004(a)(1) ....................................................................... 4

Fed. R. Bankr. P. 7004(b) ......................................................................... 4, 5

Fed. R. Bankr. P. 9006(e) ............................................................................ 5

Fed. R. Civ. P. 12(b)(5) ............................................................................... 3

Fed. R. Civ. P. 4 ................................................................................. 3, 9, 14

Fed. R. Civ. P. 4(f) ................................................................................... 16

Fed. R. Civ. P. 4(f)(3) ............................................................................... 14

Fed. R. Civ. P. 4(h)(2) ............................................................................... 16

Fed. R. Civ. P. 4(j)(1) ............................................................................... 16

Fed. R. Civ. P. 4(m) ............................................................................. 15, 16

Fed. R. Civ. P. 71.1(d)(3)(A) ..................................................................... 16

Alfred T. Giuliano, chapter 7 trustee (the "Trustee") to the estate of the above-captioned debtor (the "Debtor") hereby submits this objection (the "Objection") to the *Movants Dr. Jessica Richman and Dr. Zachary Apte's Limited Appearance and Motion to Dismiss Trustee's First Amended Complaint* [Adv. Docket No. 8] (the "Motion") filed by Defendants Jessica Richman and Zachary Apte (the "Defendants"), in response to the Trustee's first amended complaint filed in the above-captioned adversary proceeding [Adv. Docket No. 3] (the "Amended Complaint").

## PRELIMINARY STATEMENT

1.       Through their Motion, the Defendants lodge a technical defense to dismiss the Amended Complaint despite having actual notice of the lawsuit, and they seek to rely on their foreign status in Germany with an unknown address that surely will permit them to evade service through other means and delay adjudication of this matter.  They want to have their cake and eat it too.  But life doesn't work that way, and neither should the law.

2.       Not surprisingly, the federal court in California overseeing the SEC's civil enforcement suit against the Defendants also recognized this charade and granted the SEC's motion to permit alternative service on the Defendants' U.S. counsel.[2]  This Court should not take the bait in granting the Motion.  The Defendants should not be allowed to prevail on technical arguments regarding service of process.  They were served with process, they have actual knowledge of this lawsuit, can defend the allegations through the two large, international law firms handling their legal affairs, and they have not provided any admissible evidence to rebut proper service.  There is no prejudice and this matter should proceed to the next stages. Accordingly, the Motion should be denied.

---

[2] *See* **Exhibit A** (*S.E.C. v. Richman, et al.*, Case No. 21-cv-01911-CRB (N.D. Cal.) at Docket No. 23 (order granting SEC motion for alternative service)).

## **FACTUAL BACKGROUND**

3.      Jessica Richman ("Richman"), together with co-defendant Zachary Apte,

co-founded uBiome in 2012.  At all relevant times, Richman was the Chief Executive Officer

and President of uBiome, and a member of uBiome's Board of Directors.

4.      Zachary Apte ("Apte"), was, at all relevant times, the Chief Technical Officer of

uBiome and a member of uBiome's Board of Directors.  At times, he also used the title of

co-CEO of uBiome.

5.      On September 4, 2019, uBiome filed for Chapter 11 bankruptcy protection in U.S.

Bankruptcy Court for the District of Delaware.  On October 11, 2019, the Court entered an order

converting this Case to chapter 7 [Docket No. 162] and Plaintiff was appointed as the chapter 7

trustee [Docket No. 163].

6.      According to the SEC's complaint in its civil enforcement action against the

Defendants:

> At all relevant times, Defendants closely monitored and managed every aspect of
> uBiome's operations together. Richman focused on the company's growth and
> financing, and Apte concentrated on the technology and science. However,
> Defendants addressed most issues together and no decision about a significant
> aspect of uBiome's business was made without the knowledge and approval of at
> least one of Richman or Apte. Defendants also had a romantic relationship and
> ultimately married in 2019.

*S.E.C. v. Richman, et al.*, Case No. 21-cv-01911-CRB (N.D. Cal.) at Docket No. 1 at ¶16.

7.      The Motion alleges, but is unsupported by any admissible evidence, that after

leaving uBiome, the Defendants married "and in July 2020 traveled to Germany, where they

have been located since that time."  Motion at 2.

## LEGAL STANDARD

**A.      Motions to dismiss under Rule 12(b)(5)**

8.      In deciding a motion to dismiss pursuant to Rule 12(b)(5), a court considers whether the plaintiff has complied with Rule 4 of the Federal Rules of Civil Procedure, which governs the content, issuance and service of a summons.  *See DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 64 (S.D.N.Y. 2010).

9.      <u>Burden</u>.  The Defendants argue that the Trustee has the burden of proof to prove valid service.  *See* Motion at 5.  That is not the complete standard.  Once a defendant challenges the sufficiency of service of process, the burden of proof is on the plaintiff to show the adequacy of service.  *Howard v. Klynveld Peat Marwick Goerdeler*, 977 F. Supp. 654, 658 (S.D.N.Y. 1997).  However, a defendant still has the burden of proving, by admissible evidence, the insufficiency of process.  *Hechinger Inv. Co. of Del. v. Survivor Techs. (In Re Hechinger Inv. Co. of Del., Inc.)*, 287 B.R. 620, 623 (Bankr. D. Del. 2002); *In re Villar*, 317 B.R. 88, 94 (9th Cir. BAP 2004) ("The party challenging the sufficiency of service has the burden to establish a prima facie error in service."); *see also People of New York v. Operation Rescue Nat'l*, 69 F. Supp. 2d 408, 416 (W.D.N.Y. 1999) ("In all challenges to sufficiency of process, the burden of proof lies with the party raising the challenge.").  The burden is on the Defendants to show that they had no actual notice of Plaintiff's lawsuit. *In the Matter of Brackett*, 243 B.R. 910, 914 (Bankr. N.D. Ga. 2000).

**B.      Due Process and Rule 4.**

10.      In general, the "essence of the service requirements is to provide due process." *Paloian v. Grupo Serla S.A. de C.V. (In re GGSI Liquidation, Inc.)*, 389 B.R. 636, 639 (Bankr. N.D. Ill. 2008) (citing *Manley Motor Sales Co. v. Kennedy*, 419 N.E.2d 947, 950 (Ill. App. Ct.

1981)).  Due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950) (citations omitted).  Federal courts are disinclined to elevate form over substance.  *In re GGSI Liquidation*, 389 B.R. at 639; *Martin v. C.D. Gray, Inc.*, 110 F.R.D. 398, 401 (N.D. Ill. 1986).  Thus, while due process generally requires following applicable rules, where the rules have not precisely been followed, substantive due process requires actual notice only.  *In re GGSI Liquidation*, 389 B.R. at 639.  A federal court may find proper service despite technical noncompliance with the rules for service if actual notice is sufficient.  *Id.*  "Courts generally treat Rule 4 as a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *U.S. v. 630 Ardmore Drive*, 178 F.Supp.2d 572, 578 (M.D.N.C., 2001) (quoting *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986)).

11.     Under the substantial compliance doctrine, a federal court need not dismiss a complaint for insufficient service of process based on technical defects in service of process when:  (a) the party that had to be served personally received actual notice, (b) the defendant would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for the failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed.  *Keys v. 701 Mariposa Project, LLC (In re 701 Mariposa Project, LLC)*, 514 B.R. 10, 17 (B.A.P. 9th Cir. 2014); *Whale v. United States*, 792 F.2d 951, 953 (9th Cir. 1986).

12.     Bankruptcy Rule 7004 and Federal Rule 4 govern service of process for adversary proceedings.  *See* Fed. R. Bankr. P. 7004(a)(1) (incorporating Federal Rule 4).  For purposes of Fed. R. Bankr. P. 7004(b), a place shown by plaintiff to have once been a valid "dwelling house or usual place of abode" does not cease to be valid address for mailing of service unless the party

contesting service establishes *by evidence* that he has in fact abandoned that address. *See Garcia v. Cantu*, 363 B.R. 503, 510 (Bankr. W.D. Tex. 2006). A mere denial that the address is correct, even in sworn affidavit, is generally insufficient for party challenging service to prevail. *Id.* Here, the only "proof" offered is that Defendants' counsel were not authorized to accept service on their behalves, with no admissible evidence presented supporting the mere allegations of the Motion that Defendants do not in fact reside, and received notice at, the mailing addresses utilized by Plaintiff.

## **ARGUMENT**

**A.     The Trustee's service of process on the Defendants' addresses listed in the certificate of service are proper, and, in any event, Defendants have actual notice of the lawsuit.**

13.     Under Bankruptcy Rule 7004(b), service of process of an adversary proceeding summons and complaint upon an individual may be accomplished "by first class mail postage prepaid . . . by mailing a copy of the summons and complaint to the individual's dwelling house or usual place of abode or to the place where the individual regularly conducts a business or profession." Fed. R. Bankr. P. 7004(b). Service by mail is considered complete upon mailing. *Saffa v. Wallace (In re Wallace)*, 316 B.R. 743, 747 (B.A.P. 10th Cir. 2004); Fed. R. Bankr. P. 9006(e). Federal courts adhere to the "mailbox presumption" wherein "[a] proper mailing of the summons and complaint raises a rebuttable presumption of due delivery to the addressee. Accordingly, the burden to present 'strong and convincing proof' of insufficiency of service rests upon the defendant." *Nikwei v. Ross School of Aviation, Inc.*, 822 F.2d 939, 941 (10th Cir. 1987) (citations omitted); *Lienhard v. Lehighton Ambulance Assoc. (In re Lienhard)*, 498 B.R. 443, 451 (Bankr. M.D. Pa. 2013) ("Once established, the party challenging presumption of receipt must

present credible evidence demonstrating that the mailing was not in fact received.") (citations and quotations omitted).

14.     An affidavit of service is prima facie evidence of proper service.  The mere denial of receipt by the party being served is insufficient to rebut this evidence.  *Garcia*, 363 B.R. at 510 ("Because the Petitioning Creditors have filed proof of mailing, and because the Debtor has not presented any controverting evidence, Petitioning Creditors  have carried their burden as to the issue of mailing by a preponderance of the evidence."); *see also Cub Cadet Corp., Inc. v. Rosage (In re Rosage)*, 189 B.R. 73, 79 (Bankr. W.D. Pa. 1995) ("The presumption is rebuttable only by a showing that in reality the mailing was not accomplished.").

15.     The First Amended Complaint was served on the following addresses via the following methods:

> CERTIFIED MAIL, FIRST CLASS MAIL & ELECTRONIC MAIL
> Jessica Richman
> 113 Cherry Street
> #64164
> Seattle, WA 98104
> Email: Jessica.richman@gmail.com
>
> CERTIFIED MAIL, FIRST CLASS MAIL
> Zachary Apte
> 113 Cherry Street
> #64164
> Seattle, WA 98104
>
> CERTIFIED MAIL, FIRST CLASS MAIL & ELECTRONIC MAIL
> Zachary Apte
> 1628 Walnut Street
> Berkeley, CA 94709
> Email: zach.apte@gmail.com

*See* Adv. Docket No. 5 (certificate of service for Amended Complaint).

16.     The Trustee has filed a proper certificate of service that complies with Rule 4.

*See* Adv. Docket No. 5.  In addition, attached hereto as **Exhibit B** are true and correct copies of

the certified mail return receipts or mailing confirmations that demonstrate that both the original

complaint and the Amended Complaint were served and delivered at the address of 113 Cherry

Street #64164, Seattle, WA 98104.  Moreover, based upon the information available in the

Debtors' books and records, the addresses for the Defendants were the best available, last known

addresses for each Defendant.  *See* **Exhibit C** (Brad Giuliano Declaration) at ¶¶3-6.

17.     The Motion argues – without any evidence from Defendants – that the addresses

are old, not a residence or regular place of business, or otherwise insufficient.  The Defendants'

failure to provide any rebuttable evidence in the record regarding non-receipt is fatal to the

Motion.  *See, e.g.*, *Renfrow v. Pettigrew (In re Renfrow)*, 2018 Bankr. LEXIS 2736, at *20-22

(Bankr. N.D. Okla. Sept. 11, 2018) (defendant "did not present any independent evidence to

corroborate non-receipt, such as testimony of the person responsible for receiving and

distributing the mail at his office").

18.     Here, the Trustee had no reason to believe that the address of 113 Cherry Street

#64164, Seattle, WA 98104 was anything but a residence or regular place of business and is not

some other form of address like a post office box.  Nothing about the address indicates

otherwise, particularly when it does not use the words "P.O. Box" or anything similar.  In

addition, the Trustee has no knowledge of that either of the Defendants did not use the address of

1628 Walnut Street, Berkley, CA 94709 as a residence.  The Defendants only assert in the

Motion, but offer no evidence beyond that bare assertion supporting, that Apte does not own the

residence and has not lived in the location since approximately 2014.  *See* Motion at 8.  Even if

Defendants are currently located in Germany, nothing about their current international location

prohibits them from having another regular location that they use as a dwelling or residence,

particularly where Defendants make the suggestion that they have other addresses the Trustee

should have known about, like a Miami, Florida condo apparently purchased in the fall of 2019

(which is now subject to criminal forfeiture proceedings).  *See* Motion at 3.  If anything, this fact

only favors the Trustee since Defendants seem to move around quite frequently but want to

suggest that the Trustee should constantly keep himself apprised of their current known

residence or "place of abode."  A plaintiff is not required to play Three-card Monte in serving a

complaint upon a defendant.

19.     <u>Defendants have actual notice</u>.  "Actual notice" is generally defined as "[n]otice

given directly to, or received personally by, a party."  Black's Law Dictionary 484 (2nd pocket

edition 2001).  Similarly, actual knowledge, like actual notice, is defined as [p]ositive, in contrast

to imputed or inferred, knowledge of a fact.  For notice purposes, 'actual knowledge' embraces

those things of which the one sought to be charged has express information and those things

which a reasonably diligent inquiry and exercise of the means of information at hand would have

disclosed."  *Coley v. Thomas (In re Thomas)*, 2013 Bankr. LEXIS 2700, at *10 (Bankr. M. D. Pa.

2013) (quoting Black's Law Dictionary).

20.     By filing the Motion and timely participating in this adversary proceeding, the

Defendants cannot claim no actual knowledge or notice of the First Amended Complaint.  *See*

*Giuliano v. Haskett (In re MCG Ltd. P'ship)*, 545 B.R. 74, 80 (Bankr. D. Del. 2016) ("Moreover,

the Motion to Dismiss evidences Defendant's receipt of actual notice of the Complaint.").

Indeed, the Motion was filed before the deadline to answer the First Amended Complaint.  The

Defendants are adequately attempting to protect their rights and defend the lawsuit.  This is not a

case where a default judgment was entered and the Court is making an after-the-fact

determination regarding actual notice or what defendants knew or should have known.  The

Court should not grant the Motion and waste time and resources if the Trustee is simply going to

be required to effectuate service formal service through the Hague Convention or be permitted to complete alternative service on the Defendants' counsel.  The Defendants are not prejudiced because their very conduct demonstrates they received actual notice.  Accordingly, service of process should not be invalidated.  *See Armco, Inc. v. Penrod-Stauffer Bide. Systems, Inc*., 733 F.2d 1087, 1089 (4th Cir. 1984) ("When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process").

**B.     Defendants have not offered any admissible evidence to rebut the prima facie evidence of proper service.**

21.     A plaintiff has the initial burden of proof to show proper service by a preponderance of the evidence.  If, based on evidence, plaintiff makes out a prima facie case as to adequacy of service of process, plaintiff's burden of proof is satisfied unless and until defendant comes forward with evidence sufficient to rebut the evidence presented by the plaintiff.  *In re MCG Ltd. P'ship*, 545 B.R. at 79; *Garcia*, 363 B.R. at 510 (holding that affidavit of service of process is prima facie evidence of proper service, and mere denial of receipt by party being served is insufficient to rebut this evidence).  "A certificate of service, filed by an attorney, which attests to proper, timely service of a party, may establish the common law mail box presumption."  *In re Butts*, 2007 U.S. Dist. LEXIS 43224, at *13 (E.D. Pa. June 13, 2007).

22.     The Trustee has filed a proper certificate of service that complies with Rule 4.  *See* Adv. Docket No. 5.  For the reasons set forth above, Defendants have failed to overcome the rebuttable presumption of service.  The Defendants fail to include any admissible evidence with their Motion that proves insufficiency of process.  Instead, they offer declarations from counsel that disclaim express authority to accept service.  But there is nothing in the record from the Defendants that: (a) seeks to rebut the evidence regarding service on the addresses reflected on the Trustee's certificate of service and why those are insufficient (other than averments of

counsel about *counsel's* authority to accept service); or (b) reflects they have no actual notice of the Complaint – which they clearly do by having authorized their counsel to file the Motion. *See In re Hechinger*, 287 B.R. at 623 (statements or arguments alone are insufficient to overcome validity of proof of service and defendant offered no evidence in support); *Matter of Brackett*, 243 B.R. 910, 914 (Bankr N.D. Ga. 2000) ("The Defendants' mere denial of service, unsupported by affidavit or other evidence, falls short of what is required to overcome Plaintiff's prima facie evidence that service of process was accomplished."). Indeed, the Northern District of California court overseeing the SEC enforcement action also recognized this obvious fact. *See* **Exhibit A** at 6 ("Given the circumstances—Defendants' Counsel's continuous representation of Defendants by filing motion and opposition, and Defendants' Counsel's knowledge of Richman's health condition—it seems clear that the Defendants' Counsel know of Defendants' legal positions and are in contact with them. Thus, service to the Defendants' Counsel is "reasonably calculated in these circumstances to apprise [defendant] of the pendency of the present action.").

23. The Defendants offer no record or evidence for the Court to indicate they do not have actual notice and are prejudiced as a result.

**C.    Defendants' counsel can be found to have implied authority to accept service.**

24. In any event, implied authority to accept service can be found. Defendants have retained two expensive, large, international law firms – Faegre Drinker Biddle & Reath LLP and Covington & Burling LLP (along with Delaware counsel in this matter) – to represent them in at least two civil actions. *See, e.g., S.E.C. v. Richman, et al.*, 3:21-CV-01911-CRB [Docket Nos. 25-28] (notices of appearance). Those same counsel appeared in the main bankruptcy case to litigate the Defendants' stay relief motion to access D&O policy proceeds and have now

appeared in filing the Motion.  Defendants' counsel have made representations in the Motion on

the Defendants' behalf and, based on the ruling from the Northern District of California court,

appear to have knowledge of Richman's health condition and know of the Defendants' legal

positions and are in contact with Defendants.  *See* **Exhibit A** at 6.[3]

25.      In the bankruptcy setting, an attorney who has provided a creditor active and

vigorous representation in the main bankruptcy case may be found to have implied authority to

receive service of process in a related adversary proceeding.  *Muralo Co. v. All Defendants*

*Listed on Exibits A Through D to Complaint (In re Muralo Co.)*, 295 B.R. 512, 519 (Bankr. N.J.

2003); *see In re Ms. Interpret*, 222 B.R. 409, 416 (S.D.N.Y. 1998); *Luedke v. Delta Airlines (In*

*re Pan Am Corp.)*, 159 B.R. 385, 394-395 (S.D.N.Y. 1993); *In re Reisman*, 139 B.R. 797, 801

(S.D.N.Y. 1992). "When a defendant takes an active role in a Chapter 11 case and appears

through counsel in a proceeding integrally related to the case, such counsel is implicitly

authorized to receive process for the defendants."  *In re Reisman*, 139 B.R. at 801.  "Active"

does not necessarily mean "vocal."  *In re Ms. Interpret*, 222 B.R. at 416.  The depth and breadth

of authority which the client intended to confer on the attorney, and the degree of autonomy with

which the attorney has acted in the related case, have been viewed as significant factors in the

implied agency determination.  *Muralo*, 295 B.R. at 519; *In re Ms. Interpret*, 222 B.R. at 417

(where the attorney voted freely on behalf of the client in creditors' committee meetings without

constantly conferring with the client, and the foreign client asserted that it appointed counsel to

appear at the meetings because it would not send employees, it was clear that the client had

---

[3] Federal courts have the authority to take judicial notice of proceedings in other courts, either within or without the federal system, provided those proceedings are directly related to the matters presently at issue.  *In re Allegheny, Inc.*, 86 B.R. 466, 469 (Bankr. W.D. Pa. 1988) (citing cases).  To the extent the Court does not believe it appropriate to take judicial notice of the truth of the facts in the Northern District of California's decision, it may still take notice of the existence of the opinion – i.e., that another court found it appropriate to permit alternative service upon Defendants through their same law firms, rather than service through the Hague Convention.  *See Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd.*, 181 F.3d 410, 426-27 (3d Cir. 1999).

appointed the attorney to represent it in the subject bankruptcy case; receipt of service in a related adversary proceeding was thus held to be a "necessary incident" to this representation).

26.     "Consistent with *Mullane*, given the 'practicalities and peculiarities' of a case, a court may also find implied authority in an attorney best positioned under the circumstances to accept service of process." *Muralo*, 295 B.R. at 519 (citing *Mullane*, 339 U.S. at 314) (chapter 11 debtors were authorized to effect initial service of process on defendant consumers though the consumers' counsel, as agents, as identified in the various asbestos state actions that had been filed by the consumers against the debtors); *In re Honigman*, 141 B.R. 76, 79-80 (Bankr. E.D. Pa. 1992) (allowing debtor to serve a third party complaint upon a corporate creditor's foreign-domiciled manager by serving the counsel defending the corporate creditor and manager in a contemporaneous Eastern District of Pennsylvania case in which debtor was also a defendant); *see also United States v. Davis*, 38 F.R.D. 424, 425-26 (N.D.N.Y. 1965) (where a foreign resident by power of attorney authorized his attorney "to do all things that are necessary in defending me before all tax bodies and all courts" but did not expressly authorize him as agent for service of process, the court implied agency for service of process because the court had "no fear" that this attorney would not convey process to his principal and because this attorney "was about the best candidate one could choose" to give his principal notice of the suit); *Durbin Paper Stock Co. v. Hossain*, 97 F.R.D. 639, 639-40 (S.D. Fla. 1982) (implied agency found where defendant's attorney "functioned as the exclusive liaison" between plaintiff and defendant in a certain business joint venture of the parties); 7A C.J.S. Attorney and Client § 196 (2002) ("An attorney retained to bring a suit may be impliedly authorized to receive service of process in a related suit which involves the very object for which he was initially appointed.").

27.     Here, the Defendants, through their same counsel that filed the Motion, initiated a motion for stay relief to seek access to insurance proceeds under D&O policies.  *See* Docket Nos. 419, 420.  A consensual order was ultimately entered after negotiations between counsel regarding the relief.  *See* Docket No. 434.  Notably, the Defendants were not involuntary participants—they affirmatively sought relief from this Court through their same counsel at Faegre Drinker and Covington & Burling.  Indeed, it would be a particularly bizarre result if the law permitted someone who was appearing before a court in a bankruptcy case for the purpose of seeking affirmative relief from that court to simultaneously rely on their fugitive status to escape having to defend an action against them in that same court.

28.     And, with respect to the Amended Complaint, the Defendants' counsel either provided Defendants with a copy, one of more of the Defendants received a copy through the mail or email service, or the Defendants learned of the First Amended Complaint through independent methods.  Either way, Defendants have actual notice and sought relief from the Court, through their same counsel, before the deadline to answer the Amended Complaint.  It defies logic to argue that Defendants' counsel has not and is not functioning as a liaison between the Defendants and the various courts in which they are defending themselves.  The Trustee has made every effort to ensure that the Defendants have notice of the Amended Complaint---and they do because they are seeking to dismiss it.  Accordingly, the Court can find implied authorization to accept service on Defendants through their counsel.

**D.     Dismissal is not the appropriate remedy.**

29.     Even if Defendants can point to technical errors regarding old or changing addresses, it does not mean dismissal should be granted.  Many courts reason that dismissal is not the appropriate remedy if there is actual notice but otherwise technical flaws in service of

process of the complaint. *See Stranahan Gear Co., Inc. v. NL Industries, Inc.*, 800 F.2d 53, 56

(3d Cir. 1986) ("When there is actual notice, every technical violation of the rule or failure of

strict compliance may not invalidate the service of process."); *see also Overseas Food Trading,*

*Ltd. v. Agro Aceitunera, S.A.*, 2007 U.S. Dist. LEXIS 954, 2007 WL 77337, at *3 (D.N.J. 2007)

("Although actual notice is not dispositive of a challenge to the sufficiency of service of process,

it is certainly a factor that weighs in favor of denying Defendant's motion."); *Coulter v. U.S.*

*Dep't of Homeland Sec.*, 2008 U.S. Dist. LEXIS 73014 (D.N.J. Sept. 24, 2008) (noting that

"insignificant procedural errors hardly warrant dismissal of this action because defendant

received courtesy copy of complaint via overnight mail and plaintiff's failure to comply with the

literal requirements of Rule 4 was mitigated by the defendant's receipt of actual notice of the

action).[4]

30.    A full dismissal of the Motion is not the appropriate remedy here, and dismissal

will severely prejudice the Trustee and the estate by adding an extra layer of unnecessary

administrative expenses.  Dismissal will require that the Trustee re-file the complaint and re-start

the service process, either through the Hague Convention to serve the Defendants in Germany

(while their German address remains a secret) or, if permitted by the Court, an alternative means.

Since there can be no doubt that the Defendants already have actual notice of the lawsuit (and

Defendants have failed to offer any admissible evidence to the contrary), the Court should

simply deny the Motion and avoid wasting time, effort, and resources instead of requiring the

---

[4] Relying on Rule 4(f)(3) and its predecessor, courts have authorized a wide variety of alternative methods of service, including mail to the defendant's last known address, publication, delivery to the defendant's attorney-agent, telex, and ordinary mail. *See International Controls Corp. v. Vesco*, 593 F.2d 166, 176-78 (2d Cir. 1979) (approving service by mail to last known address); *Federal Home Loan Mortgage  Corp. v. Mirchandani*, 1996 U.S. Dist. LEXIS 13889 (E.D.N.Y. Sept. 18, 1996) (allowing service by publication in a law journal); *Mayatextil, S.A. v. Liztex U.S.A., Inc.*, 1994 U.S. Dist. LEXIS 6663 (S.D.N.Y. May 19, 1994) (authorizing delivery to defendant's attorney-agent); *Levin v. Ruby Trading Corp.*, 248 F. Supp. 537, 541-44 (S.D.N.Y. 1965) (holding that service by ordinary mail was proper under the circumstances).

Trustee to jump through more technical, procedural hoops and spending more administrative costs that further drain the estates from higher recoveries for creditors.

**E.      In the alternative, the Court should defer consideration of the Motion until briefing is completed on the Trustee's motion for alternative service.  If the Court grants the Motion and dismisses the Amended Complaint, it should make clear that Rule 4(m)'s time limits are not applicable consistent with the language in Rule 4(m) regarding individuals in foreign countries.**

31.      The Trustee has concurrently filed a motion to permit alternative service of the Amended Complaint on Defendants' U.S. counsel.  In the alternative, the Court should defer consideration of the Motion until the Trustee's motion for alternative service is fully briefed and can be considered.

32.      If the Court is inclined to grant the Motion and deny the Trustee's motion for alternative service, thus requiring the Trustee to re-file the Amended Complaint and pursue efforts to serve the Defendants in Germany through the Hague Convention procedures, the Court should only do so with these conditions: (a) the Defendants should be required to disclose their German address for service through the Hague Convention; otherwise, that process is meaningless if Defendants are permitted to remain at an anonymous undisclosed location: and (b) by making clear that any deadline imposed by Rule 4 is not applicable and the Trustee's rights are preserved with respect to any claims in the Amended Complaint that may be subject to any applicable statute of limitations that would be time-barred in a re-filed Amended Complaint. *See* MOORE'S FEDERAL PRACTICE §  4.83 (relief "may be justified, for example, if the applicable statute of limitations would bar the refiled action."); *see also Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009) (holding relief was appropriate under Rule 4(m) in light of the plaintiffs being time-barred from refiling their action); *Mann v. American Airlines*, 324 F.3d

1088, 1090-91 (9th Cir. 2003) (district court properly used its discretion to extend time to serve

process when statute of limitations would have barred refiling if district court had dismissed).

33.     To be clear, Rule 4(m)'s time limits are not applicable to serving individuals in a

foreign country because of the idiosyncrasies and frequent delay embodied in foreign jurisdiction

requirements for service under the Hague Convention.  *See* Fed. R. Civ. P. 4(m) ("This

subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1),

or to service of a notice under Rule 71.1(d)(3)(A)."); *see also* Notes of Advisory Committee on

2016 amendments ("Rule 4(m)") is amended to correct a possible ambiguity that appears to have

generated some confusion in practice. Service in a foreign country often is accomplished by

means that require more than the time set by Rule 4(m). This problem is recognized by the two

clear exceptions for service on an individual in a foreign country under Rule 4(f) and for service

on a foreign state under Rule 4(j)(1).").  Out of abundance of caution, however, the Trustee

believes it is appropriate for the Court to make clear that the Rule 4(m) time limitations are not

applicable if the Court formally dismisses the Amended Complaint and requires re-filing and/or

re-service of the Amended Complaint.

## **CONCLUSION**

WHEREFORE, the Trustee respectfully requests that the Court:

1.     Deny the Motion in its entirety;

2.     In the alternative, defer consideration of the Motion until briefing is completed on

the Trustee's motion for alternative service, or if the Court grants dismissal it should permit re-

service and re-filing of the Amended Complaint but require the Defendants disclose their

German address and make a clarification regarding Rule 4(m)'s time limits; and

3.      Granting such other and further relief as the Court deems appropriate and just.

Dated:  October 25, 2021                    PACHULSKI STANG ZIEHL & JONES LLP


                                            */s/ Peter J. Keane*
                                            Bradford J. Sandler (DE Bar No. 4142)
                                            James K. T. Hunter (pro hac vice)
                                            Colin R. Robinson (DE Bar No. 5524)
                                            Peter J. Keane (DE Bar No. 5503)
                                            PACHULSKI STANG ZIEHL & JONES LLP
                                            919 N. Market Street, 17th Floor
                                            Wilmington, DE 19801
                                            Telephone:  (302) 652-41000
                                            Facsimile:  (302) 652-4400
                                            E-mail:bsandler@pszjlaw.com
                                                    jhunter@pszjlaw.com
                                                    crobinson@pszjlaw.com
                                                    pkeane@pszjlaw.com

                                            *Counsel to Plaintiff Alfred T. Giuliano, Chapter 7
                                            Trustee*