# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>UBIOME, INC.,<br>               Debtor. | Chapter 7<br><br>Case No. 19-11938-LSS |
| ALFRED T. GIULIANO, Chapter 7 Trustee,<br>               Plaintiff<br>    vs.<br>JESSICA RICHMAN and ZACHARY APTE,<br>               Defendants. | Adv. Proc. No.: 21-51032 (LSS)<br><br>**Ref. Adv. D.I. 3, 5, 7, 8 & 9** |

### MOVANTS DR. JESSICA RICHMAN AND DR. ZACHARY APTE'S LIMITED APPEARANCE AND REPLY IN SUPPORT OF MOTION TO DISMISS TRUSTEE'S FIRST AMENDED COMPLAINT

Dr. Jessica Richman and Dr. Zachary Apte (collectively, "Movants") appear for the limited purpose of submitting this reply ("Reply") in opposition to the Chapter 7 Trustee's Objection to Movants Dr. Jessica Richman and Dr. Zachary Apte's Limited Appearance and Motion to Dismiss Trustee's First Amended Complaint [Adv. D.I. 9][1] (the "Objection") and in support of their Motion to Dismiss the Trustee's First Amended Complaint for insufficient service of process [Adv. D.I. 8] (the "Motion to Dismiss").[2]

---

[1] References to "Adv. D.I." shall refer to the above-captioned adversary proceeding and references to "D.I." shall refer to the Debtor's main bankruptcy case.

[2] Capitalized terms used but not defined in this Reply shall have the meanings ascribed to them in the Motion to Dismiss.

US.135198139.01

**I.     INTRODUCTION**

The Trustee misapprehends and misapplies the rules governing service in an adversary proceeding and argues that the deficiencies of his attempted service should be ignored because, according to the Trustee, Movants did not present "admissible evidence" to refute that service was proper. The Trustee's argument relies on a misstatement of the burden of proof. It is the Trustee who must prove compliance with Bankruptcy Rule 7004.

Regardless of the burden of proof, the Trustee's own evidence confirms that his supposed service was not proper. Bankruptcy Rule 7004 permits service by first class mail only to individuals located *within the United States*. As the Trustee admits, the Movants are dwelling abroad, and thus Bankruptcy Rule 7004 does not apply. Further, the Trustee's attempted service would not satisfy the Rule, even if it applied in these circumstances. Bankruptcy Rule 7004(b)(1) permits service by mail to one of three locations—an individual's (1) "dwelling house," (2) "usual place of abode," (3) or where he or she "regularly conduct[] a business or profession." The Trustee attempted to serve Dr. Apte at an address in "Berkeley, Washington"—a city that does not exist. He also attempted to serve Dr. Apte and Dr. Richman by mailing the Amended Complaint and Amended Summons to a corporate mailbox service, a type of address to which Bankruptcy Rule 7004 does not apply.

The Trustee's invocation of the so-called mailbox presumption rule is unavailing. *When* it applies, the mailbox presumption rule creates a rebuttable presumption that mailed service was delivered to the location listed on a return receipt. The rule, however, has no application to service upon locations not otherwise authorized under Bankruptcy Rule 7004. The Trustee's attempts to serve Movants by mail were deficient as a matter of law.

The Trustee separately argues that the Court should ignore his failure to serve Movants and find that Movants' respective counsel were implicitly authorized to accept service on their behalf.

2

This argument also lacks merit. Counsel for Movants explicitly told the Trustee that they did not have such authorization, and there is no legal basis to impute such authorization on them under the circumstances of this case.

Finally, the Trustee incorrectly posits that Movants' "actual notice" of the proposed adversary proceeding cures his otherwise defective service. This argument is belied by the well-established principle that actual notice does not cure ineffective service of a summons and complaint in an adversary proceeding. The Trustee counters with the unfounded accusation that Movants are attempting to "evade service" by holding him to the Federal and Bankruptcy Rules, but that assertion is undercut by the Trustee's acknowledgment of the other available methods of service that would comply with those Rules. Despite his claims of inconvenience, the Trustee simply must follow the rules of the Court.

**II.    ARGUMENT**

    **A.    The Trustee Bears the Burden of Establishing Proper Service.**

The Trustee confuses the burden of proof, yet in his Objection agrees with Movants' position. The standard is a familiar burden shifting framework: once the moving party has established a prima facie error, the burden shifts. *In re Villar*, 317 B.R. 88, 94 (B.A.P. 9th Cir. 2004). "The litigant attempting to effect service"—here, the Trustee — "is responsible for proper service and bears the burden of proof." *Id.*; *accord* Obj. at 9 ("[P]laintiff has the initial burden of proof to show proper service by a preponderance of the evidence."). As explained in the Motion and below, Movants have shown prima facie errors. The Trustee, in turn has failed to satisfy his evidentiary burden.[3]

---

[3] In his Objection, the Trustee cites various cases explicating the standards regarding burdens of proof in bankruptcy cases, but none are of help to him here. *See* Obj. at 3; *Howard v. Klynveld Peat Marwick Goerdeler*, 977 F. Supp. 654, 658-59 (S.D.N.Y. 1997) (concluding that

### B. The Trustee Cannot Serve Movants Under Bankruptcy Rule 7004(b)(1).

Bankruptcy Rule 7004(b) permits service by mail to a party located "within the United States." Fed. R. Bankr. P. 7004(b). As the Trustee acknowledges, Movants are not now, nor were they at the time of service, within the United States. *See* Obj. at 14-15. The Trustee thus could not rely on Bankruptcy Rule 7004(b)(1) to serve them.

Despite the hyperbole of his Objection, none of the Trustee's arguments supports the assertion that Bankruptcy Rule 7004(b)(1) allows a plaintiff in an adversary proceeding to serve defendants dwelling abroad at past residential locations where they no longer reside. The Trustee's lone argument here is that "nothing about [Movants'] current international location prohibits them from having another regular location that they use as a dwelling or residence." Obj. at 7. To start, the Trustee cites no law in support of this position. Moreover, it would be impossible for the Movants, whom the Trustee has characterized as international fugitives, to be somehow simultaneously dwelling within the United States. That proposition belies common sense. Movants are not currently within the United States, and therefore Bankruptcy Rule 7004(b) does not apply.

---

defendants did not waive improper service despite generally participating in case proceedings, including filing motions for sanctions and extensions of time to respond to the improperly served complaint at issue); *In re Hechinger Inv. Co. of Del, Inc.*, 287 B.R. 620, 623 (Bankr. D. Del. 2002) (defendant failed to rebut presumption of proper service by a "mere denial" that the mailed service included a summons and no argument that the serving party mailed a copy of the summons and complaint to an incorrect address); *Ex rel. Spitzer v. Op. Rescue Nat.*, 69 F. Supp. 2d 408, 416 (W.D.N.Y. 1999) (defendants failed to rebut evidence of proper service, including because—unlike in the present case—defendants did not "contest[] plaintiffs' affidavits of service" themselves); *In re Brackett*, 243 B.R. 910, 914 (Bankr. N.D. Ga. 2000) (finding that defendants failed to rebut proper service where they did not submit affidavits or other evidence showing the defects in service, in contrast to Movants in this case).

### C.     The Trustee Failed to Satisfy the Requirements of the Rule 7004(b)(1).

If Bankruptcy Rule 7004(b)(1) had been a permissible method of service—which it was not—the Trustee's proposed service still would have been inadequate. As previously noted, Bankruptcy Rule 7004(b)(1) permits service by "mailing a copy of the summons and complaint to the individual's dwelling house or usual place of abode or to the place where the individual regularly conducts a business or profession." *See* Fed. R. Bankr. P. 7004(b)(1). The Trustee does not present any evidence whatsoever that either address to where he directed service is one of those required locations. The Trustee's only evidence is that Dr. Apte and Dr. Richman used the 113 Cherry Street, #64164, Seattle, Washington addresses on 2019 W-2s. Obj. Ex. C at 2. Similarly, the Trustee points to evidence that "[t]he Berkley, California mailing address was obtained from Defendant Apte's employment agreement with the Debtor." Obj. Ex. C at 2. Whether Dr. Apte or Dr. Richman once used an address to receive mail is irrelevant to whether the address was their dwelling house, usual place of abode or a location at which they regularly conducted business *at the time of service*. *See* Fed. R. Bankr. P. 7004(b)(1). Similarly, the Trustee provides no evidence whatsoever as to the date that the Berkeley, California address appears on an employment agreement, and the Trustee acknowledges that Dr. Apte began working at uBiome in 2012. Obj. at 2. Thus, there is no reason to think that Dr. Apte was currently dwelling at the Berkeley, California address, or that he has done so at any recent time. In short, the Trustee provides no evidence whatsoever that either address satisfied the requirements of Bankruptcy Rule 7004(b)(1).

The Trustee argues that the Court should accept his deficient service because the Seattle, Washington and Berkeley, California addresses to which he directed service "were the best available, last known addresses for each [Movant]." Obj. at 7. This unsubstantiated assertion is contradicted by the Trustee's prior statements and is not a sufficient basis for service under the

5

law. The Trustee's apparent position is that so long as he can identify an address—any address—that was once associated with Dr. Apte or Dr. Richman, Bankruptcy Rule 7004(b)(1) is satisfied.

Movants do not reside at either address where the Trustee directed service—a fact clearly established in the SEC civil enforcement suit the Trustee repeatedly relies upon, and which was known to the Trustee at the time he attempted service. *See* Obj., Ex. A, at 1 ("Since around July 2020, [Movants] have resided in Germany"). The Trustee also does not dispute that, at the time of attempted service, he was aware that Movants had purchased condominiums in Miami, Florida in Fall 2019. *See* Obj. at 7-8; Mot. at 3 (noting the Trustee's reference to Movants' residential status). Nonetheless, the Trustee argues that his knowledge that Movants were then dwelling outside of the United States is immaterial because he "had no reason to believe" he could not serve Movants at the addresses to which he directed service because he had "no knowledge [] that either of the Defendants did not use [those] addresses." Obj. at 7-8. As the record shows, however, the Trustee had ample reason to believe that Movants did not use those addresses and yet he made no effort to determine whether or not either address comported with Bankruptcy Rule 7004(b)(1)'s requirements. In the end, the Trustee's position is tantamount to arguing that because he chose not to conduct any inquiry, his intentional ignorance can and should be excused.

To establish the validity of service under Bankruptcy Rule 7004(b)(1), the Trustee must first demonstrate that he made "a reasonable inquiry to determine the defendant[s'] dwelling house or usual place of abode." *In re Waterford Funding, LLC*, Case No. 09–22584, 2016 WL 3648533, at *4 (Bankr. D. Utah June 30, 2016). The Trustee failed to provide any evidence that he made any inquiry—let alone a reasonable inquiry—to satisfy this burden.

Had the Trustee conducted any inquiry at all, he would have quickly concluded that the two addresses were not Movants' dwelling house, usual place of abode, or the location at which

6

they regularly conduct a business or profession. For the Seattle, Washington location, a cursory online search would have revealed that the address to which the Trustee directed service—113 Cherry Street, #64164, Seattle, Washington 98104—was the address of Earth Class Mail, a commercial postal service. *See* Mot. at 8; *see also* Earth Class Mail, www.earthclassmail.com/addresses/wa (last accessed October 28, 2021). Moreover, a review of the Google "street view" imagery of the location would have confirmed the same and left little doubt that the address was not Movants' residence.



Google Search for "113 Cherry Street, #64164, Seattle, Washington 98104", GOOGLE, https://www.google.com (type "113 Cherry Street, #64164, Seattle, Washington 98104" into the search bar and click on "Street View"). Thus, despite the Trustee's argument to the contrary, it is quite clear that with just minimal effort, the Trustee would have quickly realized that the Seattle address was a commercial postal service—not a residential address or place where Movants worked.[4]

---

[4] While vigorously attacking Movants for not proffering *additional* evidence to show that the addresses to which he directed service were deficient, tellingly the Trustee offers no evidence to establish the efforts he undertook to verify that Movants resided at either of those locations prior to attempting service by mail.

Undeterred, the Trustee argues that "[n]othing about the address indicates" it is "anything but a residence or regular place of business and is not some other form of address like a post office box." Obj. at 7. But that too is inaccurate. The Seattle, Washington address—113 Cherry Street, *#64164*—contains a five-digit number indicative of a mailbox. The Trustee's claim of ignorance notwithstanding, the Seattle, Washington address was plainly not a residence or place of business subject to Bankruptcy Rule 7004(b)(1).[5]

In his Objection, the Trustee provides copies of certified mail receipts and tracking information as purported evidence that he effectuated service at the Earth Class Mail address. *See* Obj., Ex. B. Yet, that supposed evidence further confirms that the Seattle address was a commercial mail service and not Movants' residence or place of work. The receipts reflect that an "agent"—not the "addressee"—received the Trustee's mail. This "evidence" thus further reflects that the Amended Complaint and Amended Summons were served on Earth Class Mails' commercial clerks and not Movants. As noted in the Motion to Dismiss, "Bankruptcy Procedure 7004(b)(1) . . . does not authorize service to a post office box." *In re Tyler*, 493 B.R. 905, 910-11

---

[5] The Trustee also alternatively argues that the Court should approve his obviously deficient service under the substantial compliance doctrine. Obj. at 4. That doctrine is applicable in those limited situations in which technical nonconformance with a service rule is overlooked when there is a justifiable excuse for a plaintiff's failure to serve properly the defendant and the plaintiff would be severely prejudiced if his complaint were dismissed. *In re Mariposa Project, LLC*, 514 B.R. 10, 17-18 (B.A.P. 9th Cir. 2014). The Trustee's knowing, purposeful decision to rely on a clearly inapplicable rule to avoid serving Movants dwelling abroad was neither substantially compliant nor the type of limited equitable exception that would satisfy the requirements of the substantial compliance doctrine, including because the Trustee has no excuse for the failure to serve Movants properly and because he has not substantiated any prejudice that he would suffer as a result of his own errors in service. *See id.* at 19 (rejecting serving party's substantial compliant compliance argument in a Bankruptcy Rule 7004(b)(1) context: "[S]ervice of process by mail for the purpose of establishing personal jurisdiction over a litigant is a 'rare privilege which should not be abused or taken lightly'" (quoting *In re Villar*, 317 B.R. at 93).

(Bankr. N.D. Ga. 2013). The Trustee's evidence only proves that is where the Trustee directed service and thus the insufficiency of his purported service.

Finally, the Trustee's proffered "evidence" of the service effectuated upon Dr. Apte at the 1628 Walnut Street, Berkeley, California location similarly undermines the Trustee's Objection. *See* Obj., Ex. B.[6] Specifically, as reflected below, the certified receipt for that purported service upon Dr. Apte—an address at which he last resided in 2014, *see* Mot. at 8-9, shows the Amended Complaint and Amended Summons were erroneously sent to a *non-existent address*: 1628 Walnut Street, Berkeley, ***Washington*** 94709. *See* Obj., Ex. B, at 2 (emphasis added).



*Id.*

Serving parties must strictly comply with Bankruptcy Rule 7004(b)(1), and this includes using the correct mailing address. *See, e.g.*, *In re La Rouche Indus. Inc.*, 307 B.R. 774, 779 (Bankr. D. Del. 2004) ("As the Bankruptcy Court recognized, the address on the notice to Appellant was

---

[6] Even if the service at the Berkeley, California address had been proper (which it was not), that service was directed only to Dr. Apte and would not constitute service on Dr. Richman.

partially incorrect. Where, as here, the notice was not properly addressed, the presumption of receipt of notice does not attach."). The carrier's tracking information also states that the parcel directed to the 1628 Walnut Street address was "refused" on October 2, 2021, and there is no indication the Amended Complaint and Amended Summons was ever delivered to the intended address in Berkeley, *California*. *See* Obj., Ex. B, at 6.

        **D.    The Mailbox Presumption Rule Does Not Save The Trustee's Amended Complaint From Dismissal.**

The Trustee nonetheless leans on the mailbox presumption rule to argue he cleared the necessary service requirements imposed by the Bankruptcy Rules. But the Trustee's own citation makes clear that the presumption applies only to a "proper" mailing, that is one conforming to Rule 7004(b)(1). *See* Obj. at 5 (quoting *Nikwei v. Ross School of Aviation, Inc.*, 822 F.2d 939, 941 (10th Cir. 1987)). In his Objection, the Trustee incorrectly suggests that the mailbox presumption rule has no such restrictions or requirements. That, of course, is not the case. The rule does not apply in circumstances like those presented here, where the Trustee's mailing was entirely *improper*, and did not use correct or appropriate addresses. *See In re La Rouche Indus.*, 307 B.R. at 779. As the district court held in *In re La Rouche Industries*, *Inc.*, where a "notice was not properly addressed, the presumption of receipt of notice does not attach." 307 B.R. 774, 779 (D. Del. 2004).

Assuming the mailbox presumption rule could apply (it does not), the rule still would not help the Trustee because the certified receipts reflecting the Trustee's attempted service at the Earth Class Mail address show that an "agent" and not the "addressee" received the mailed service. The Trustee's supposed "evidence" therefore only establishes that a mailed document was received at the address indicated on the certified mail receipt—***not*** that the person required to receive the document received it. *See In re Rose*, 564 B.R. 728, 732 (Bankr. D. Nev. 2017). Mailing a copy

of the Summons and Amended Complaint to a corporate mailbox service Movants no longer use only shows that that the Amended Summons and Complaint were delivered to a third-party at an improper address. The mailbox presumption rule thus has no relevance to Movants' Motion.

### E.     "Actual Notice" Does Not Cure Defects In Service.

The Trustee further claims that his service was appropriate because Movants received "actual notice" of the Amended Summons and Amended Complaint as evidence by their Motion to Dismiss. Obj. at 1, 3-5, 8. This argument is a nonstarter. A party's "actual notice of the adversary proceeding does not cure the defect in service," including because a party "must strictly comply" with the Bankruptcy Rules governing the service of process of an adversary complaint. *See PNC Mortg. v. Rhiel*, No. 2:10-CV-578, 2011 WL 1043949, at *5 (S.D. Ohio Mar. 18, 2011).[7] Any argument regarding Movants' alleged notice is therefore immaterial.

The cases cited by the Trustee are inapposite. For example, in *Giuliano v. Haskett (In re MCG Ltd. P'ship)*, 545 B.R. 74 (Bankr. D. Del. 2016), the court first found compliance with Bankruptcy Rule 7004 and then, in dicta, noted that the defendant had actual notice. *Id.* at 79-80 ("As such, the Court finds that service was made pursuant to Rule 7004."). Here, service is not proper under Bankruptcy Rule 7004, and actual notice is irrelevant.[8]

---

[7] *See, e.g., In re Cook*, 421 B.R. 446, 455 (Bankr. W.D. Tenn. 2009) ("Rule 7004 provides that service may be accomplished by personal service or by first class mail. Actual knowledge of an action cannot cure a technically defective service of process.") (internal citation omitted); *In re Ross*, No. 16-31533 HCD, 2018 WL 8223419, at *2 (Bankr. N.D. Ind. Apr. 10, 2018) ("Valid service of process comprises more than actual notice; it requires a legal basis for holding the defendant susceptible to service of the summons and complaint."); *In re Teligent Inc.*, 485 B.R. 62, 69 (Bankr. S.D.N.Y. 2013) (concluding that mailing of a contempt order to a party defendant, even if it "provided actual notice of the adversary proceeding, it did not cure the insufficient service of process and confer personal jurisdiction").

[8] The additional cases the Trustee cites in support of this argument do not change the analysis. *See* Obj. at 8-9; *In re MCG Ltd. P'ship*, 545 B.R. 74, 79-80 (Bankr. D. Del. 2016) (mail service of an adversary complaint on a party defendant by a trustee was proper because the address the trustee used for mail service was the same one at which defendant had previously received the

US.135198139.01

### F. The Movants' Counsel Was Not Authorized To Accept Service Pursuant To Bankruptcy Rule 7004(b)(8).

Finally, the Trustee argues the Court should find that Movants' attorneys were impliedly authorized to accept service. As the Trustee acknowledges, Movants' lawyers advised him that they were not authorized to accept service. *See* Obj. at 9 (acknowledging declarations from Movants' counsel disclaiming express authority to accept service). As for implied authorization, the Trustee argues that he should be allowed to conscript counsel as service agents for purposes of an adversary proceeding because counsel represented Movants in a single motion in the underlying bankruptcy proceedings. The cases upon which the Trustee relies, however, demonstrate the types of fulsome participation by counsel in an underlying bankruptcy proceeding that courts require before imputing implied authority to those attorneys to accept service on behalf of their clients who have not received authorization to accept such service.

In *In re Muralo Co., Inc.*, for example, the court found that "extraordinary circumstances" arising from the anticipated difficulty of serving 60,000 counsel with underlying claims in an asbestos MDL necessitated lead MDL defendants' acceptance of service pursuant to a court-supervised process. 295 B.R. 512, 527-28 (Bankr. D.N.J. 2003). Similarly, in *Ms. Interpret v. Rawe Druck—und Veredlungs—GmbH (In re Ms. Interpret)*, the bankruptcy court found that creditor's bankruptcy counsel was impliedly authorized to accept service of an adversary complaint, but only because counsel had regularly attended meetings in the underlying proceedings and actively participated in the bankruptcy. *See* 222 B.R. 409, 416 (Bankr. S.D.N.Y. 1998)

---

check that was the subject of the adversary proceeding, rendering defendant's affidavit challenging the propriety of such service not credible); *Armco, Inc. v. Penrod-Stauffer Bldg. Sys.*, 733 F.2d 1087, 1089 (4th Cir. 1984) (reversing district court's entry of default judgment against defendant despite actual notice because "the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored," so because "there is no valid service of process, the district court was without jurisdiction …, and the default judgment was void").

(creditor's counsel "was active in the debtor's bankruptcy, attending and participating in every committee meeting and voting on every issue on which the committee voted."). Finally, in *In re Reisman*, the court concluded that a creditor's counsel was implicitly authorized to accept service because the creditor's counsel "[took] an active role in the Chapter 11 case," including by "fil[ing] the Notice of Appearance demanding that all pleadings and complaints be served upon his law firm" and by "mov[ing] to convert [debtor's] case to a Chapter 7 case" and filing "an application to examine [debtor]"). 139 B.R. 797, 801-03 (Bankr. S.D.N.Y 1992).[9]

In contrast to those cases, counsel for Movants filed a single motion in the underlying bankruptcy for the limited purpose of obtaining partial relief from the automatic stay (to the extent it even applied) to obtain access to insurance proceeds under D&O policies—a motion that was ultimately resolved by the parties' agreed stipulation and the Court's consent. This is far afield from the types of entangled participation necessary to impute implied authorization on counsel. *Compare In re Muralo Co., Inc.*, 295 B.R. at 527-28, *with In re Reisman*, 139 B.R. at 802. There is also no basis to impute implied authorization to undersigned counsel on this basis. *See* Mot. at 9-10. Any argument made by the Trustee to the contrary must be ignored.

---

[9] The remaining cases the Trustee invokes only further establish that the level and amount of participation by counsel that courts find sufficient to impute implied authorization on them to accept service is far greater than counsel's representation of Movants here. *See* Obj. at 23; *In re Honigman*, 141 B.R. 76 (Bankr. E.D. Pa. 1992) (counsel was impliedly authorized to accept service on behalf of party defendant where serving party had attempted "numerous times" to serve defendants and because defendant's counsel had expressly designated itself as "agent" of defendant in underlying bankruptcy proceeding); *U.S. v. Davis*, 38 F.R.D. 424, 426 (N.D.N.Y. 1965) (service on party defendants' attorneys was proper because defendant had executed "broad powers of attorney attached to the complaint" designating their attorneys to appear in all "tax courts and all federal courts" "to do all things that are necessary in defending [defendants] before all tax bodies and all courts"); *Durbin Paper Stock Co. v. Hossain*, 97 F.R.D. 639, 640 (S.D. Fla. 1982) (service on defendant's attorney in unrelated matters was effective service in case because defendant's attorney also acted as defendant's "business agent" concerning the general subject-matter of the dispute involved in the proceedings).

13

## III. CONCLUSION

The Trustee has failed to serve Movants. Pursuant to Federal Rule 12(b)(5), as incorporated by Bankruptcy Rules 7012 and 9032, the Court should grant Movants' Motion to Dismiss the Trustee's First Amended Complaint and any such other and further relief as the Court deems just and proper.

[*Signature Page Follows*]

| | |
|---|---|
| Dated: November 1, 2021<br>Wilmington, Delaware | **FAEGRE DRINKER BIDDLE & REATH LLP**<br><br>*/s/ Brett D. Fallon*<br>Brett D. Fallon, Bar No. 2480<br>Jaclyn C. Marasco, Bar No. 6477<br>222 Delaware Avenue, Suite 1410<br>Wilmington, DE 19801<br>Telephone: +1 302 467 4200<br>Facsimile: +1 302 467 4201<br>brett.fallon@faegredrinker.com<br>jaclyn.marasco@faegredrinker.com<br><br>-and-<br><br>Joel Hammerman<br>311 S. Wacker Drive, Suite 4300<br>Chicago, IL 60606<br>Telephone: +1 312-356-5060<br>joel.hammerman@faegredrinker.com<br><br>*Attorneys for Jessica Richman*<br><br>**POTTER ANDERSON & CORROON LLP**<br><br>*/s/ L. Katherine Good*<br>L. Katherine Good, Bar No. 5101<br>1313 N. Market Street, 6th Floor<br>Wilmington, DE 19801<br>Telephone: +302 984 6000<br>Facsimile: +302 658 1192<br>kgood@potteranderson.com<br><br>-and-<br><br>**COVINGTON & BURLING, LLP**<br>W. Douglas Sprague<br>Salesforce Tower<br>415 Mission Street, Suite 5400<br>San Francisco, CA 94105<br>Telephone: +1 415 591 6000<br>dsprague@cov.com<br><br>*Attorneys for Zachary Apte* |