**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**



LAURIE SELBER SILVERSTEIN
CHIEF JUDGE

824 N. MARKET STREET
WILMINGTON, DELAWARE
(302) 252-2900

December 27, 2021

**Via CM/ECF Notification:**

    Re:    <u>Guiliano v. Richman et al.</u>, Adv. Pro. No. 21-51032

    (i)    Movants Dr. Jessica Richman and Dr. Zachary Apte's Limited Appearance and Motion to Dismiss Trustee's First Amended Complaint ("Motion to Dismiss") [Docket No. 8] and;

    (ii)    Plaintiff Chapter 7 Trustee's Ex Parte Motion for Alternative Service on Defendants Jessica Richman and Zachary Apte Pursuant to Federal Rule of Civil Procedure 4(f)(3) ("Motion for Alternative Service") [Docket No. 10]

Dear Counsel:

    I have reviewed the Motion to Dismiss, the Motion for Alternative Service and all of the related briefing. While I note that argument has been requested on both motions, the briefing was fulsome and I can rule on the papers. Because I am ruling for the parties, familiarity with the averments and legal positions in the motions is assumed.

**Brief Background**

    Defendants co-founded uBiome, Inc. ("uBiome" or "Debtor") in 2012 as a laboratory testing company, which assisted in the diagnosis of certain diseases. Defendant Richman was the Chief Executive Officer of uBiome and Defendant Apte was its Chief Scientific Officer. Both Defendants served on Debtor's board of directors. Plaintiff avers that, prepetition, Defendants engaged in a scheme to inflate uBiome's revenue through improper insurance billing practices and thereafter raised capital based on false financials. Plaintiff has asserted two causes of action against Defendants—breach of fiduciary duty and breaches of written contracts—and seeks over $25 million in damages. Defendants were also sued by the Securities and Exchange Commission in the United States District Court for the Northern District of California for

violations of the Security Act and the Exchange Act ("SEC Action").[1] A grand jury has also returned a 47-count criminal indictment against Defendants.

uBiome filed a voluntary chapter 11 bankruptcy petition on September 4, 2019. The case was converted to a chapter 7 case on October 11, 2019 and Plaintiff was appointed the chapter 7 trustee that same day. The Complaint in this adversary proceeding was filed on September 2, 2021 and amended ("Amended Complaint") on September 4, 2021. The two motions followed.

**Motion to Dismiss**

On October 11, 2021, Defendants moved to dismiss the Complaint for insufficiency of service of process. Defendants state that they live in Germany and that service on old addresses in the United States and on attorneys who were not authorized to accept service is insufficient. Plaintiff asserts that service on the addresses in Debtor's books and records is sufficient, that service on Defendants' counsel should be sufficient and that in any event, Defendants have actual notice of the adversary proceeding and the Amended Complaint. Alternatively, Plaintiff asks that the motion be deferred pending filing of a motion seeking approval of alternative service.

The Motion to Dismiss is denied. I will not dismiss the Amended Complaint for insufficient service of process. While, as discussed below, I will require Plaintiff to attempt service of process via another mechanism prior to considering alternative service through counsel, dismissal would be an unduly harsh result. Defendants point out that this adversary proceeding was filed on the cusp of the two-year anniversary of the bankruptcy filing. It may be, therefore, that dismissing the Amended Complaint will result in an inability to seek damages alleged to be in excess of $25 million. Such an extreme result is unwarranted.

**Motion for Alternative Service**

On October 25, 2021, Plaintiff filed the Motion for Alternative Service. Plaintiff seeks permission under Federal Rule of Civil Procedure 4(f)(3) to serve Defendants by service on their counsel who have appeared in this case and/or in the SEC Action: W. Douglas Sprague of Covington & Burling LLP and L. Katherine F. Good of Potter Anderson & Corroon LLP for Defendant Apte and Joel Hammerman and Brett D. Fallon of Faegre Drinker Biddle & Reath LLP for Defendant Richman. Prior to his previous service of the summons on Defendants' respective counsel, Plaintiff was informed that they could not accept service of process for their clients.

Plaintiff and Defendants cite to applicable case law in support of their respective positions. Among other cases, Plaintiff relies on Judge Shannon's recent decision in *Green v.*

---

[1] Exhibit A to Chapter 7 Trustee's Objection to Movants Dr. Jessica Richman and Dr. Zachary Apte's Limited Appearance and Motion to Dismiss Trustee's First Amended Complaint Motion (Order Granting Motion for Alternative Service, *Securities and Exchange Commission v. Richman et al.*, Case No. 21-01911-CRB, (N.D. Cal., July 19, 2021)), D.I. 9.

*Mitsui Sumitomo Ins. Co. (In re TK Holdings, Inc.)*, 2021 Bankr. LEXIS 401 (Bankr. D. Del. Feb. 23, 2021)[2] for the propositions that (i) Rule 4(f) sets out three options for service on a non-U.S. resident, none of which are superior to the other; (ii) a plaintiff does not have to unsuccessfully attempt service under a foreign convention (such as the Hague Convention) prior to seeking permission for alternative service under Rule 4(f); and (iii) service on counsel who has "adequate and recent" contact with a defendant is sufficient for purposes of due process consistent with *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950). In *TK Holdings*, Judge Shannon also acknowledged that alternative service is in the discretion of the court. Based on the facts before him in that case, Judge Shannon granted the request.

I am denying the motion, without prejudice, on the facts here. Plaintiff commences his reply brief by stating that "In the Alternative Service Motion, the Trustee established that alternative service on the Defendants' U.S. counsel is routine, permissible under domestic and international law, and within the sound discretion of the Court." I agree with the last two points, but not the first. While alternative service on counsel is permissible, it is not routine. The Rules, themselves, establish when service may be made on an attorney (Fed.R.Civ.P. 5); Rule 4 does not permit such service as of right. Further, in a recent bench ruling, I questioned the "implied agency" theory found in *In re Muralo*, 295 B.R. 512 (Bankr. N.J. 2003) and declined, over objection, to permit service on counsel who represented defendants in underlying related talc litigation.[3]

Here, what "evidence" I do have shows that Plaintiff was aware of the SEC Action when it filed the Adversary Proceeding in September of this year. Judge Breyer's Order in the SEC Action ("SEC Order") states that Defendants have resided in Germany since around July, 2020. Notwithstanding, Plaintiff made no effort to serve Defendants in Germany. Plaintiff argues that (i) he does not have a German address for Defendants and (ii) he should be excused from that exercise because it will cause delay and there may be some expense. But, I have no evidence of any efforts to obtain Defendants' German address (other than asking Defendants' counsel for an address). And, Plaintiff submitted no competent evidence of the length of any potential delay nor the magnitude of any expense. The SEC Order, however, reflects that the SEC attempted service through the Central Authority under the Hague Convention for service of process in the German State of Berlin. The SEC submitted a service request on March 31, 2021 and received a response on June 3, 2021. The request was denied because the Central Authority determined that the SEC Action was not civil or commercial under German law.

Based on the record as it stands today and in the context of this case, I do not find that a potential two-month delay in service is sufficient to warrant alternative service. There is nothing time sensitive about this case. The trustee was appointed on October 19, 2019. The Amended

---

[2] A motion for leave to appeal Judge Shannon's interlocutory order was denied. *Green v. Mitsui Sumitomo Ins. Co., Ltd (In re TK Holdings)*, 2021 U.S. Dist. LEXIS 161579 (D. Del. Aug 26, 2021).

[3] *Imerys Talc America, Inc. v. Abigail and Tylor Phillips* (In re Imerys), Adversary Pro. No. 21-50054-LSS (Bankr. D. Del.), D.I. 36. (Hr'g Tr. Feb. 10, 2021).

Guiliano v. Richman– Adversary No. 21-51032
December 27, 2021
Page 4

Complaint was filed almost two years later. Further, I have no evidence that service through the Central Authority (or such other means as Plaintiff may choose) is unduly expensive. Therefore, in the exercise of my discretion, I decline to grant the Motion for Alternative Service.[4]

  Orders will be entered consistent with this letter opinion.

Very truly yours,

*Laurie Selber Silverstein*

Laurie Selber Silverstein

LSS/cmb

---

[4] Having ruled, I hasten to add that should Trustee's diligent efforts to serve Defendants as otherwise provided under Rule 4(f) prove unsuccessful, I would be inclined to approve alternative service. While Defendants are within their rights to decline to permit their respective attorneys to accept service of the summons and Amended Complaint, at the end of the day, I do not foresee this case being dismissed based on insufficiency of service of process. It may seem that given my inclination, I should simply grant the Motion for Alternative Service. But, the Rules for service of process exist for a reason and should not be so easily cast aside for alternative service when the record does not support the request.